UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JANNETTE GUIFARRO,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-02513-GAP-DCI**

**C4 ADVANCED TACTICAL SYSTEMS, LLC, a Foreign Limited Liability Company,**

**Defendant.**

---

# REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Unopposed Motion to Compel Arbitration (Doc. 22)** |
| **FILED:** | **May 21, 2026** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On December 30, 2025, Plaintiff Janette Guifarro (Plaintiff) filed this action against Defendant C4 Advanced Tactical Systems, LLC (Defendant), Plaintiff's former employer, asserting violations of the Family and Medical Leave Act (FMLA). Doc. 1 (the Complaint) at 1. The Complaint alleges that Plaintiff was employed by Defendant, most recently as an Accounts Payable Specialist, from February 7, 2022 until January 2, 2024. *Id.* at 3. Plaintiff alleges that "Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for

[Plaintiff's] use of protected FMLA leave." *Id.* at 7. On March 5, 2026, Defendant filed an Answer. Doc. 15.

On May 21, 2026, Defendant filed an Unopposed Motion to Compel Arbitration (Doc. 22, the Motion) arguing that the Court should stay the case and compel Plaintiff's claims to arbitration pursuant to the terms of a Dispute Resolution Agreement (*id.* at 15-18, the Agreement) between the parties. Defendant asserts that arbitration is the required forum for resolving Plaintiff's claims, as the parties mutually agreed to arbitrate any dispute arising out of or related to Plaintiff's employment relationship with Defendant. Doc. 22 at 1-2, 15-18. Defendant represents that the Motion is unopposed, and Plaintiff has not filed a response in opposition to the Motion.

Upon due consideration, the undersigned respectfully recommends that the Motion (Doc. 22) be granted.

## II. LEGAL STANDARD

The Federal Arbitration Act (FAA) establishes a "liberal federal policy favoring arbitration agreements," wherein "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "Under the Act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (citing 9 U.S.C. § 2) (recognizing the FAA "places arbitration agreements on equal footing with all other contracts). Accordingly, "[s]ection 2 of the FAA requires the courts to enforce an arbitration provision within a contract unless 'such grounds exist at law or in equity for the revocation of any contract.'" *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Rent-A-Ctr., W., Inc.*, 561 U.S. at 67-68).

When deciding whether to compel arbitration of a given dispute, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "If, under a 'summary judgment-like standard,' the district court concludes that there 'is no genuine dispute as to any material fact concerning the formation of such an agreement,' it 'may conclude as a matter of law that [the] parties did or did not enter into an arbitration agreement.'" *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (citing *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016)); *see also Santiago v. Neno Rsch., Inc.*, 2024 WL 4625783, at *2 (M.D. Fla. Oct. 30, 2024) (citing *Hearn v. Comcast Cable Commc'ns*, 992 F.3d 1209, 1215 n.3 (11th Cir. 2021)) ("Motions to compel arbitration are reviewed under a 'summary judgment-like' standard."). Courts consider the following factors: "1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitrate has been waived." *Exceen v. Ramirez*, No. 8:24-CV-00880-WFJ-AEP, 2024 WL 3327509, at *2 (M.D. Fla. June 13, 2024) (citing *Williams v. Eddie Acardi Motor Co.*, No. 3:07-CV-782-J32JRK, 2008 WL 686222, at *4 (M.D. Fla. Mar. 10, 2008)). "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (citing 9 U.S.C. § 3).

## III. DISCUSSION

Here, Defendant asserts that the parties entered into a valid arbitration agreement as a condition of Plaintiff's employment, making arbitration the proper forum for Plaintiff's claims. Doc. 22 at 1-2. Plaintiff has not responded to the Motion and, therefore, does not dispute this assertion. Defendant provides a copy of the Agreement, signed by Plaintiff. *Id.* at 14-18. The

Agreement governs legal disputes "arising out of or in connection with [Plaintiff's] employment, application for employment, or separation from employment," providing: "To the greatest extent allowed by law, except as otherwise provided below, any dispute between [Plaintiff] and . . . [Defendant] will be resolved exclusively through binding arbitration." *Id.* at 16 (emphasis omitted). The Agreement further specifies that the FAA applies, *id.*, and the terms "will survive termination of [Plaintiff's] employment and of any relationship" between the parties, *id.* at 18.

**A. Whether there is a valid written agreement to arbitrate.**

The Court must assess Defendant's assertion that a valid arbitration agreement exists between the parties. *Id.* at 8-9; *Henry Schein, Inc.*, 586 U.S. at 69 (citing 9 U.S.C. § 2) ("[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists."); *see also Bazemore*, 827 F.3d at 1329 (citing *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014)) (recognizing that the "presumption of arbitrability" created by the FAA "does not apply to disputes concerning whether an agreement to arbitrate has been made"). "The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore*, 827 F.3d at 1329 (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "District courts may conclude that an arbitration agreement exists as a matter of law as long as "'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Exceen*, 2024 WL 3327509, at *2 (citing *Bazemore*, 827 F.3d at 1333).

"'[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists,' but even when applying state law, 'the federal policy favoring arbitration' must be 'taken into consideration.'" *Exceen*, 2024 WL 3327509, at *2 (citing *Buckeye Check Cashing, Inc.*, 546 U.S. at 445); *see Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). Here, Defendant asserts, and Plaintiff does not oppose, that Florida contract law applies. Doc. 22

at 8. Accordingly, the Court applies Florida law to determine whether the parties' Agreement is valid. *See, e.g.*, *Williams*, 2008 WL 686222, at *4 (applying Florida law to determine whether a valid arbitration agreement exists).

Under Florida law, the existence of a contract requires a showing of: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). Here, Defendant asserts the existence of a valid arbitration agreement between the parties, an assertion which Plaintiff does not dispute. *See* Doc. 22 at 8-9. Defendant appears to have made an offer when presenting the Agreement to Plaintiff, which Plaintiff subsequently accepted by signing and delivering the executed Agreement. *See id.* at 15-18; *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1255 (M.D. Fla. 2015), *aff'd sub nom. Regions Bank v. G3 Tampa, LLC*, 766 F. App'x 772 (11th Cir. 2019) ("Under Florida law, a party who signs a contract is presumed to know its contents, and he cannot avoid his obligations thereunder by alleging he did not read the contract, or that the terms were not explained to him, or that he did not understand the provisions."). Additionally, due to the parties' mutual agreement to handle disputes through arbitration, the Agreement appears to be sufficiently supported by consideration. *See* Doc. 22 at 16; *Kinko's, Inc. v. Payne*, 901 So. 2d 354, 355 (Fla. Dist. Ct. App. 2005) (collecting cases recognizing "the agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same"). Finally, there does not appear to be a dispute as to whether the Agreement provides sufficient specification of the essential terms. Therefore, as there is no genuine dispute of material fact regarding the formation of the Agreement, the undersigned finds that a valid arbitration agreement exists between the parties. *See Exceen*, 2024 WL 3327509, at *2 (citing *Bazemore*, 827 F.3d at 1329).

**B. Whether arbitrable issues exist.**

The Court must additionally consider whether arbitrable issues exist. *Exceen*, 2024 WL 3327509, at *2 (citing *Williams*, 2008 WL 686222, at *4). Here, the written agreement between the parties contains a delegation provision, granting the arbitrator: "the authority to determine whether a dispute is subject to this agreement to arbitrate (unless applicable law provides that a court make that determination)." Doc. 22 at 16.

Courts have "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69 (citation omitted). In the event of such delegation, the FAA operates on this additional arbitration agreement as it would any other. *Id.*; *see Henry Schein, Inc.*, 586 U.S. at 65 ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."). Accordingly, the undersigned leaves the issue of scope of arbitrability to the arbitrator, pursuant to the contract terms, and finds that Plaintiff's claims should be submitted to arbitration.

**C. Whether the right to arbitrate was waived by Defendant.**

Finally, the Court must determine whether Defendant's arbitration right has been waived. *Exceen*, 2024 WL 3327509, at *2 (citing *Williams*, 2008 WL 686222, at *4); *see also Kinsale Ins. Co. v. Carrington Park Condo. Ass'n, Inc.*, No. 6:23-CV-2057-GAP-LHP, 2024 WL 4803206, at *3 (M.D. Fla. Jan. 25, 2024) (citing *Green Tree Servicing, LLC v. McLeod*, 15 So.3d 682, 687 (Fla. 2d DCA 2009)) ("The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right."). The Motion is unopposed, and Plaintiff has not raised the issue of waiver. *See* Doc. 22. As such, upon considering the totality

of the circumstances[1], the undersigned finds no basis to determine that Defendant waived their contractual right to arbitration.

**IV. CONCLUSION**

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** that the Motion (Doc. 22) be **GRANTED** and that the Court stay this case and compel arbitration pursuant to the FAA and the parties' agreement.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on July 10, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

[1] The undersigned additionally notes that while Defendant did participate in the present litigation in a limited capacity, this is not a case where Defendant has engaged in months or years of litigation before "deciding they would fare better in arbitration." *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 413 (2022). Defendant responded to Plaintiff's Complaint by filing the Answer and asserting affirmative defenses. *See* Doc. 15. Defendant additionally conducted a planning conference on March 4, 2026, and the parties filed a Uniform Case Management Report on March 9, 2026. *See* Doc. 18 at 1. It appears that Defendant did not take further action until the filing of the present Motion approximately two months later. *See* Doc. 22.